UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
BERND BILDSTEIN IRRA F/B/O BERND
BILDSTEIN and MALCOLM ROSENWALD,
on Behalf of Themselves and a Class of
Persons Similarly Situated,

        Plaintiffs,

               **MEMORANDUM & ORDER**

  -against-

               05 CV 3388 (RJD) (RML)

LAZARD LTD., BRUCE WASSERSTEIN,
STEVEN J. GOLUB, SCOTT D. HOFFMAN,
MICHAEL J. CASTELLANO, and
GOLDMAN SACHS & CO.,

        Defendants.
-------------------------------------------------------X
DEARIE, District Judge.

  This dispute arises from the initial public offering of common stock in defendant Lazard LTD, a financial advisory and asset management firm. Plaintiff stock purchasers brought this class action in New York State Supreme Court, Kings County, alleging that defendants violated Section 11 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77k (2005), by issuing or signing a materially false and misleading registration statement in connection with the initial public offering. Plaintiffs moved to remand, arguing that the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), Pub. L. No. 105-353, 112 Stat. 3227 (codified as amended at 15 U.S.C. §§ 77p, 77v, 77z-1, 78u-4, and 78bb), does not permit removal of cases based exclusively on the Securities Act. The Court referred plaintiffs' motion to United States Magistrate Judge Robert M. Levy for Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). On February 27, 2006, Magistrate Judge Levy issued a report, recommending that the Court grant plaintiff's motion to remand. Defendants filed timely objections.

The Securities Act states: "Except as provided in section 77p(c) of this title, no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States." 15 U.S.C. § 77v (as amended by SLUSA). Thus, a Securities Act claim brought in state court may not be removed to federal court unless it qualifies for removal under section 77p(c). Section 77p(c) provides:

> Removal of covered class actions. Any covered class action brought in any State court involving a covered security, *as set forth in subsection (b)*, shall be removable to the Federal district court for the district in which the action is pending, and shall be subject to subsection (b).

15 U.S.C. § 77p(c) (emphasis added). Section 77p(b) states:

> Class action limitations. No covered class action *based upon the statutory or common law of any State or subdivision thereof* may be maintained in any State or Federal court by any private party alleging--
> (1) an untrue statement or omission of a material fact in connection with the purchase or sale of a covered security; or
> (2) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security.

15 U.S.C. § 77p(b) (emphasis added). These provisions bar removal of claims other than covered class actions that involve covered securities and contain state-law claims. Moreover, the Second Circuit has interpreted almost identical language in 15 U.S.C. §§ 78bb(f)(1) and (f)(2) to require that a removable action be based on state or local law. See Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 395 F.3d 25, 33 (2d Cir.), rev'd on other grounds, 126 S. Ct. 34 (2005).

Plaintiffs' claims are based solely on the Securities Act, and therefore may not be removed from state to federal court. The Court recognizes that district courts throughout the country have split on this issue. However, defendants' objections are unpersuasive in light of the

2

text and the Second Circuit's interpretation of the Securities Act as modified by SLUSA.

The Court adopts the Report and Recommendation of Magistrate Judge Levy without qualification. Plaintiffs' motion to remand is granted.

SO ORDERED.

Dated: Brooklyn, New York
       August 14, 2006

                                        s/ Judge Raymond J. Dearie
                                        _____
                                        RAYMOND J. DEARIE
                                        United States District Judge